ORIGINAL
DEF
CIM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

ANTONIO QUINONES, also known as "Tony,"

    Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 06-CR-845 (S-2) (FB)

*Appearances:*
*For the United States:*
BENTON J. CAMPBELL, ESQ.
United States Attorney
Eastern District of New York
By:  STEVEN J. MEYER, ESQ.
      LAURA D. MANTELL, ESQ.
      Assistant United States Attorneys
147 Pierrepont Street
Brooklyn, New York 11201

*For Defendant Antonio Quinones:*
STEPHEN H. ROSEN, ESQ.
1221 Brickell Avenue, Suite 1020
Miami, Florida 33131

**BLOCK, Senior District Judge:**

The Court is today entering judgment against defendant Antonio Quinones ("Quinones"). This memorandum and order (A) sets forth the Court's rationale for imposing a conditional fine and (B) addresses Quinones's motion for a partial stay of the final order of forfeiture incorporated into the judgment.

**A. Conditional Fine**

The judgment imposes a fine of $4.5 million. In addition, it imposes an additional fine that is dependent on the value of the assets subject to forfeiture. The Court's reason for imposing the latter fine was that the value of those assets is unknown, but could potentially increase Quinones's ability to pay a fine.

As the Court acknowledged at sentencing, no court has addressed whether a fine may be imposed in an amount to be determined at some future date. However, the Second Circuit has held that a sentencing court "may consider both defendant's present financial resources and those that may become available in the future." *United States v. Salameh*, 261 F.3d 271, 276 (2d Cir. 2001). On the other hand, a fine may not be based on "some remote fortuity like the possibility that a defendant will win a lottery." *United States v. Wong*, 40 F.3d 1347, 1383 (2d Cir. 1994).

The value of the assets subject to forfeiture, though currently indeterminate, is not a "remote fortuity." Once sold, the assets will yield a concrete sum, which will determine Quinones's ability to pay an additional fine. If the assets yield $10 million or less, then the proceeds of their sale will go entirely towards satisfaction of the final forfeiture order, leaving Quinones unable to pay an additional fine. If, however, the assets yield more than $10 million, then Quinones has the ability to pay an additional fine in the amount of the surplus. The Court concluded that imposing a fine conditioned on that latter contingency was within its power to consider Quinones's future financial resources in determining the amount of the fine.[1]

## B. Partial Stay of Forfeiture Order

Quinones seeks to stay, pending appeal, the final forfeiture order with respect to the four parcels of real property set forth in paragraphs 3(z), 3(aa), 3(bb) and 3(cc) of the

---

[1] The sale of the assets subject to forfeiture does not affect Quinones's ability to pay the $4.5 million fine. The amount of that fine was calculated based on a conservative estimate of the net profits of Quinones's websites not traceable to the forfeited assets.

order. The government opposes Quinones's request on the grounds (1) that he lacks authority to seek a stay and (2) that, on the merits, a stay is not warranted. The Court disagrees on both counts.

The government's argument that Quinones cannot seek a stay of the forfeiture order is based on 21 U.S.C. § 823(h), which reads as follows:

> Upon application of a person, *other than the defendant or a person acting in concert with him or on his behalf,* the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture, if the applicant demonstrates that proceeding with the sale or disposition of the property will result in irreparable injury, harm, or loss to him.

(emphasis added). Federal Rule of Criminal Procedure 32.2(d), by contrast, authorizes a district court to stay a forfeiture order "on terms appropriate to ensure that the property remains available pending appellate review"; the Advisory Committee Notes state that the provision's purpose "is to ensure that the property remains intact and unencumbered *so that it may be returned to the defendant in the event the appeal is successful.*" Id. advisory committee's note "2000 Adoption" (emphasis added).

Section 853(h) and Rule 32.2(d) are not necessarily inconsistent. The rule could be read as authorizing a defendant to seek a stay, while the statute could be read as authorizing all others (such as third parties with an interest in the forfeited property) to seek such relief. Moreover, although § 853(h) and Rule 38(e) (Rule 32.2(d)'s predecessor) were both enacted as part of the Comprehensive Crime Control Act of 1984, Pub. L. 98-473, tit. II, the rule was amended and readopted as Rule 32.2(d) in 2000. Under the Rules Enabling Act, "[a]ll laws in conflict with [the federal rules of procedure] shall be of no

3

further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). For these reasons, the Court concludes that Rule 32.2(d) authorizes Quinones to seek a stay of the forfeiture order.

The Court further concludes that the stay sought by Quinones is warranted under the circumstances. The government does not dispute that the real-estate market in South Florida is in a slump. If the government were to sell the four parcels in such a market, they would, in effect, be foregoing any potential for appreciation in value once the market recovers; this loss will ultimately be borne by Quinones if the forfeiture order is reversed on appeal. The wiser course is simply to enjoin the government from selling the properties until its entitlement to them has been conclusively established.

## C. Conclusion

Quinones's motion for a partial stay of the final order of forfeiture is granted. The government shall not dispose of the four properties described in paragraphs 3(z), 3(aa), 3(bb) and 3(cc) of the order until the completion of the appellate proceedings.

**SO ORDERED.**

s/FB

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 20, 2009

4